UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD LEFLER,

                              Plaintiff,

                                                                    1:17-CV- 01380

v.

                                                                    (LEK/TWD)

MICHAEL C. GREEN, in his individual and
official capacity, Executive Deputy Commissioner/
Acting Commissioner New York State Division
of Criminal Justice, et al.,

                              Defendants.
_____

APPEARANCES:

DONALD LEFLER
Plaintiff, pro se
15-B-0035
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court for initial review the complaint in this 42 U.S.C. §1983 civil rights action brought by Plaintiff Donald Lefler against Defendants Michael C. Green, in his individual and official capacity as Executive Deputy Commissioner/Acting Commissioner New York State Division of Criminal Justice Services ("DCJS"), and George P. Beach II, in his individual and official capacity as Superintendent New York State Police. (Dkt. No. 1.) Plaintiff's claim arises out of the allegedly unauthorized placement of his DNA profile, created from a sample of his DNA material taken at Elmira Correctional Facility on January 12, 2015, in

a DNA databank maintained by the New York State Police. *Id.* Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP Application") and a completed inmate authorization form. (Dkt. Nos. 2 and 3.)

## I.      PLAINTIFF'S IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application (Dkt. No. 2) and inmate authorization form (Dkt. No. 3), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

## II.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*,

700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

III.   ANALYSIS

Plaintiff alleges he arrived at Elmira Correctional Facility on January 5, 2015, pursuant to a judgment of the Onondaga County Court. (Dkt. No. 1 at 4.) He further alleges that on January 12, 2015 "[his] genetic material (DNA profile) was taken by buccal swab, ostensibly for placement in the New York State DNA Identification Index maintained with the New York State DNA Division of Criminal Justice Services," pursuant to New York State Executive Law, Article 49-B. *Id*.

Plaintiff has alleged upon information and belief that the DNA database is actually maintained at the New York State Police Forensic Investigation Center in Albany, New York. *Id*. Plaintiff claims there is nothing in the DNA statute or the regulations promulgated thereunder in N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") tit. 9, Parts 6190 through 6193, that authorizes the New York State Police or the New York State Police Forensic Investigation Center to maintain a databank of convicted offenders' DNA profiles, and his own in particular. *Id*. at 5, 6. Plaintiff contends Defendants are therefore acting illegally and is asking for the return of his DNA profile from the DNA database maintained by the State Police and one million dollars in compensatory damages. *Id*. at 6. In *Nicholas v. Goord*, 430 F.3d 652, 668 (2d Cir. 2005), the Second Circuit rejected a Fourth Amendment challenge to the New York DNA Index statute, N.Y. Executive Law, Article 49-B, holding that the statute serves the special need of "creat[ing]

a DNA database to assist in solving crimes should the investigation of such crimes permit resort to DNA testing of evidence." The Court reasoned that the government interest in "obtaining identifying information from convicted offenders and keeping a record of such information" outweighed the limited intrusion on convicted felons who have much of their identifying information, including fingerprints, on file with the State. *Id*. at 669-70.

N.Y. Executive Law § 995-c(1), a part of Article 49-B, authorized the commissioner of the DCJS to promulgate a plan to establish a computerized State DNA identification index for which designated offenders are required to provide a sample appropriate for DNA testing. The Commissioner of the DCJS is authorized to establish a state DNA identification index pursuant the Article upon approval of the plan by the New York State Forensic Science Commissioner ("FSC") and DNA Subcommittee, established under Executive Law §§ 995-a and 995-b(13), respectively, "to establish a computerized state DNA identification index pursuant to the provisions of [Article 49-B]."[1] *Id.* at § 995-c(2).

Significantly, Article 49-B did not dictate the manner and place of storage of DNA records and clearly empowered the FSC and the DCJS to make that determination as a part of the plan. The Office of Forensic Services ("OFS"), a division of the DCJS, was "established to carry out the provisions of Article 49-B of the Executive Law (section 995, et. seq.). OFS is responsible for administrative oversight of the New York State (NYS) DNA Databank and for maintaining a forensic laboratory accreditation program for public forensic laboratories in New

---

[1] Executive Law § 995-b(9) provides in part that "After reviewing recommendations from the division of criminal justice services, the commission, in consultation with the DNA subcommittee, shall promulgate a policy for the establishment and operation of a DNA identification index consistent with the operational requirements and capabilities of the division of criminal justice services."

York State under the authority of the NYS Commission on Forensic Science." *See* http:www.criminaljustice.ny.gov/forensic/aboutofs.htm (last visited on January 16, 2018).[2] The OFS "[a]dministers the state's DNA Databank in cooperation with the New York State Police Crime Laboratory."[3] *Id*. The DNA databank is maintained at the New York State Police Forensic Investigation Center in Albany. *See* htttp:www.criminaljustice.ny.gov/forensic/dnafaqs.htm (last visited on January 16, 2018).

Based upon the foregoing, it is clear to the Court that Plaintiff has no claim against either of the Defendants based upon the maintenance of the DNA databank, of which his sample is a part, at the New York State Police Forensic Investigation Center in Albany. Therefore, the Court recommends that Plaintiff's complaint be *sua sponte* dismissed with prejudice on initial review.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED;** and it is hereby

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be *sua sponte* **DISMISSED WITH PREJUDICE**; and it is hereby

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to

---

[2] *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (courts "routinely" take judicial notice of documents from official government websites).

[3] The DCJS describes itself as "a multi-function criminal justice support agency," and identifies one of its core functions as "administrative oversight of the states (sic) DNA databank, in partnership with the New York State Police." *See* www.ny.gov/agencies/division-criminal-justice-services (last visited on January 16, 2018).

fileagencies/ written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 16, 2018
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).