UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

DONALD LEFLER,

                              Plaintiff,

    -against-                                      1:17-CV-1380 (LEK/TWD)

MICHAEL C. GREEN, *et al.*,

                              Defendants.

## **<u>DECISION AND ORDER</u>**

**I.      INTRODUCTION**

      This matter comes before the Court following a report-recommendation filed on January 16, 2018, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation"). Pro se plaintiff Donald Lefler timely filed objections. Dkt. No. 6 ("Objections").

**II.     LEGAL STANDARD**

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2

(S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.   DISCUSSION

The Court has considered the Objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved and adopted in part. The Court agrees with Judge Dancks's dismissal of Plaintiff's claim, but does so for different reasons.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, which provides a cause of action for anyone subjected "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under the color of state law. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Plaintiff claims that Defendants have violated and continue to violate Article 49-B of the New York Executive Law, which regulates the collection and storage of DNA samples from convicted felons, because such DNA samples are maintained by the New York State Police Forensic Investigation Center rather than the New York State Division of Criminal Justice Services. Dkt. No. 1 ("Complaint") at 4.

However, the Complaint does not identify any *federal right* that Defendants may have violated by allegedly misapplying Article 49-B.

As Judge Dancks noted, Rep.-Rec. at 4, the Second Circuit has already held that Article 49-B does not, on its face, violate felons' Fourth Amendment rights. Nicholas v. Goord, 430 F.3d 652, 668 (2d Cir. 2005). The Second Circuit specifically found that the statute does not violate felons' Fourth Amendment rights in allowing law enforcement to use the DNA database "to assist in solving crimes." Id. The Second Circuit's opinion provides no indication that its decision turned on the location of the DNA samples; rather, the decision turned on the *purpose* behind collecting the DNA samples and their *use*.

The Complaint is best read as merely challenging Defendants' compliance with relevant state law and regulations. See, e.g., Objs. at 5 ("[T]he establishment of the databank at the State Police Forensic Investigation Center is contrary to the law as enacted."). However, such a claim cannot sustain a cause of action in federal court under § 1983. See Reed v. Medford Fire Dep't, Inc., 806 F. Supp. 2d 594, 607 (E.D.N.Y. 2011) ("[T]he Second Circuit has held that a plaintiff cannot maintain a cause of action under Section 1983 when the alleged deprivation of due process is based on the violation of state law."); Hernandez v. Selsky, No. 04-CV-552, 2006 WL 566476 at *4 n.19 (N.D.N.Y. Mar. 7, 2006) (Kahn, J.) ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . ." (quoting Patterson v. Coughlin, 761 F.2d 891 (2d Cir. 1985))).

Plaintiff's claim is not cognizable under § 1983, and, therefore, Plaintiff's claim must be dismissed. The Court notes that this Decision and Order has no bearing on the merits of Plaintiff's state law claim if brought in a different venue.

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **ADOPTED in part and MODIFIED in part**; and it is further

**ORDERED**, that Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  February 08, 2018
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge